| WOODARD, J.,
concurring.
Guided by Jordan v. Employee Transfer Corp., 509 So.2d 420 (La.1987) and LeGros v. ARC Serv., Inc., 98-387 (La.App. 3 Cir. 10-28-98); 721 So.2d 1016, writ denied, 98-2934 (La. 1/15/99); 736 So.2d 212,1 concur in the result, for the following reasons.
Jordan, 509 So.2d at 423, instructs that:
Prescription will not begin to run at the earliest possible indication that a plaintiff may have suffered some wrong. Prescription should not be used to force a person who believes he may have been damaged in some way to rush to file suit against all parties who might have caused the damage. On the other hand, a plaintiff will be responsible to seek out those whom he believes may be responsible for a specific injury.
(Emphasis added.)
And, LeGros makes clear that a plaintiff cannot have a reasonable basis to pursue a case without having sufficient evidence to sustain his burden of proof; in the instant matter, that burden being to prove causation, more probably than not.
*954 | Jndeed, to require a plaintiff to file suit, as the majority suggests, when he thinks that he might, possibly, or potentially be able to prove his case, as opposed to when he believes that, more probably than not, he could prove the necessary elements of his case would be to invite unnecessary and, even possibly, frivolous litigation, subject to dismissal upon summary judgment or even sanctions, if found frivolous.
The majority states that “[o]ur review of the above-related evidence demonstrates that, at the latest, Mr. Cornay had information providing evidence of sufficient notice of chemical exposure in April 1991” and “the plaintiffs had sufficient outside information which would have also given notice that there could be some problem with the herbicide application.” (Emphasis added.) As to the latter, the jurisprudence requires more than “could.” Concerning the former statement, the record reveals that no more information was available to Mr. Cornay than a possibility of, or, more emphatically, no causation, each of which was professed, respectively, by those who were in the best position to know — the Department of Agriculture and FMC, the manufacturer of the suspected damaging product.
It must be noted that Mr. Cornay would not qualify as an expert in chemicals and their toxic effects on wildlife. His suspicion that they were the culprit would not have been enough to carry his burden at trial, particularly with an expert for the defendants testifying that Command produces no damaging effect on wildlife, as FMC lead Mr. Cornay to believe.
The steps Mr. Cornay took to determine causation, before inappropriately forcing someone into court, were logical, reasonable, and diligent as far as he went. However, Mr. Cornay never acquired evidence beyond his suspicion. The record does not contain proof of causation of herbicide damage to his property sufficient for him to be able to prove that, more probably than not, the defendant’s herbicide caused the damage to the trees. Had such evidence existed in the record, in my view, prescription would have begun to run at that moment when he acquired such evidence. See LeGros, 721 So.2d 1016.